FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

2017 MAY 25 PM 3:34

| | | |
|---|---|---|
| ITSAVVY LLC, f/k/a B2B Computer Products LLC, an Illinois limited liability company, and B2B INDUSTRIES LLC, an Illinois limited liability company, | ) | Case No. 6:17-CV-955-ORL-31-TBS |
| Plaintiffs, | ) | COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, TRADEMARK DILUTION, UNFAIR COMPETITION, AND DECEPTIVE AND UNFAIR TRADE PRACTICES |
| v. | ) | |
| IT SAVVY, LLC, a Florida limited liability company, | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**PLAINTIFF ITSAVVY LLC'S COMPLAINT**

Plaintiffs ITsavvy LLC f/k/a B2B Computer Products LLC (hereinafter "ITsavvy") and B2B Industries LLC ("B2B") (collectively "Plaintiffs"), by and through the undersigned counsel, for their Complaint against Defendant IT Savvy, LLC., (hereinafter "Defendant"), state as follows:

**NATURE OF THIS ACTION**

1. This action arises out of Defendant's infringement and tarnishment of Plaintiffs' distinctive and well-known "ITsavvy" mark in direct competition with ITsavvy's business. As set forth more fully herein, for nearly 13 years, ITsavvy has established its reputation as a leader and innovator in the IT and computer products and services business in the United States and internationally. ITsavvy offers its customers computer and computer related products and consultation services.

2. On August 21, 2012, Plaintiffs began using the "ITsavvy" mark in commerce in connection with ITsavvy's computer and computer related products and consultation services.

3. On March 12, 2013, ITsavvy, through its affiliate, B2B, registered the ITsavvy mark with the United States Patent and Trademark Office, Registration No. 4,302,815. A true and correct copy of the Certificate of Registration is attached hereto and incorporated herein as ***Exhibit A***. At all times relevant, ITsavvy uses and has used the "ITsavvy" mark pursuant to an exclusive license from B2B.

4. In June 2014, without Plaintiffs' knowledge or permission, Defendant incorporated Plaintiffs' well-known and valuable "ITsavvy" mark into Defendant's service mark and trade name. This conduct has caused and is likely to continue to cause confusion as to the affiliation or connection between Defendant and Plaintiffs, and as to the source or sponsorship of Plaintiffs' services and products.

5. Plaintiffs have attempted to resolve the dispute and have made at least two written requests to Defendant requesting that Defendant immediately cease using the ITsavvy name or any names similar to Plaintiffs' "ITsavvy" mark. *See* letters from Patrick C. Keeley, Esq., dated November 12, 2015 and March 2, 2017 attached hereto as ***Exhibits B*** and ***C***, respectively. Notwithstanding the foregoing letters from Plaintiffs, Defendant has continued to market its services under the "ITsavvy" name. Plaintiffs seek injunctive relief and damages for injuries that have been and will continue to be caused by Defendant's use of the "ITsavvy" mark and trade name in violation of the Lanham Act (15 U.S.C. §§ 1051, *et seq.*), federal false designation of origin law (15 U.S.C. § 1125(a)), the Federal Trademark Anti-Dilution Act (15 U.S.C. § 1125(c)), and Florida common law.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, because it involves claims arising under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* This

Court has supplemental jurisdiction over claims in this action pursuant to 28 U.S.C. § 1367. In addition, this Court also has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1332(a), because the matter in controversy exceeds $75,000, exclusive of costs and interest, and is between citizens of different states.

7. This Court has personal jurisdiction over Defendant because Defendant is organized in the State of Florida, conducts business in this judicial district, and specifically has its principal place of business and its registered agent's office in Orlando, Florida, in the Middle District of Florida.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), because Defendant resides within the Middle District of Florida, *see* 28 U.S.C. § 1391(c), and because a substantial part of the events giving rise to the claims occurred, and continue to occur, within the Middle District of Florida. The damage to Plaintiffs described herein takes place in part in the Middle District of Florida and throughout the State of Florida.

**THE PARTIES**

9. ITsavvy is a limited liability company duly organized under the laws of the State of Illinois, and has its principal place of business at 313 S. Rohlwing Road, Addison, Illinois 60101.

10. B2B is a limited liability company duly organized under the laws of the State of Illinois, is an affiliate of ITsavvy, and has its principal place of business at 313 S. Rohlwing Road, Addison, Illinois 60101.

11. ITsavvy offers and sells to its customers a complete and full range of computer and computer related products and services, including without limitation, online retail store and mail order services featuring computer software, computers, computer hardware, computer peripherals, telephony devices, cameras, and computer storage devices and furniture, and

computer consultation services. ITsavvy services a wide variety of large and small companies throughout the United States and internationally, including in Illinois and Florida under its distinctive marks, including "ITsavvy." ITsavvy has conducted business in Florida since 2004 under the name B2B Computer Products LLC and since 2012 under the name ITsavvy LLC.

12. Defendant is a Florida limited liability company with its principal place of business at 14014 Evening Sky Place, Orlando, Florida 32828, having been incorporated on June 4, 2014.

13. Defendant provides computer and computer related products and services in direct competition with ITsavvy, including computer and computer related products and services using the nearly identical mark "IT savvy"

## HISTORY OF ITSAVVY'S BUSINESS AND MARKS

14. For approximately thirteen (13) years, ITsavvy has been at the forefront of providing customers industry-leading computer and computer related products and services, including without limitation, computer consultation services to meet its customers growing and changing needs.

15. ITsavvy commenced its business in 2004 and at the commencement of its operation was named "B2B Computer Products LLC." In 2012, B2B Computer Products LLC began using the assumed name, "ITsavvy LLC" and adopted the assumed name, "ITsavvy LLC" with the Illinois Secretary of State. In 2017, ITsavvy officially adopted the "ITsavvy LLC" name as the company name.

16. For the last approximately four and one-half (4 ½) years (prior to the formation of Defendant) while using the "ITsavvy" mark and name throughout the United States, including Florida; ITsavvy has provided a complete and full range of services and products to its

customers, including without limitation, online retail store and mail order services featuring computer software, computers, computer hardware, computer peripherals, telephony devices, cameras, and computer storage devices and furniture, and computer consultation services.

17. ITsavvy services a wide range of customers from large publicly-owned Fortune 500 companies to small independently-owned companies and governmental entities. Its customers span the world.

18. ITsavvy has consistently used the service mark "ITsavvy" in connection with its online retail store and mail order services and computer consultation services for the past 4 ½ years. B2B owns rights to the U.S. Trademark Registration for the mark "ITsavvy" which B2B has licensed exclusively to ITsavvy.

19. The mark "ITsavvy" was duly and legally registered with and issued by the United States Patent and Trademark Office ("USPTO") to B2B, and is valid and subsisting.

20. B2B and ITsavvy apply the proper notice of registration (*i.e.*, "®") to its "ITsavvy" mark pursuant to 15 U.S.C. § 1111.

21. B2B and ITsavvy have expended significant resources in marketing ITsavvy's online retail store and mail order services and computer consultation services under the "ITsavvy" mark, including on its website www.itsavvy.com. ITsavvy's website incorporates "ITsavvy" in the domain name to facilitate customers' and potential customers' searches for ITsavvy's services and products. On that website, ITsavvy features its "ITsavvy" and related marks and the wide variety of services and products offered under those marks.

22. Since 2012, ITsavvy has sold millions of dollars in services and products under the "ITsavvy" mark.

23. As a result of its innovative products and services and business strategy, the value ITsavvy has consistently provided to customers, the high quality of its services and products, its dedication to customer service and satisfaction, and its extensive promotion and advertisement, ITsavvy has developed widespread recognition for its services, products and marks, and enjoys a valuable reputation and good will in the ITsavvy mark, both nationally and throughout the world. The "ITsavvy" mark has acquired distinctiveness and secondary meaning signifying ITsavvy, and has become well known as being associated with ITsavvy.

## DEFENDANT'S BUSINESS

24. Plaintiffs recently discovered that, nearly two years after Plaintiffs commenced use of their "ITsavvy" mark, and more than a year after Plaintiffs registered their "ITsavvy" mark with the United States Patent and Trademark Office, and without Plaintiffs' knowledge, consent, or authorization, Defendant formed a business under the confusingly-similar name, "IT Savvy, LLC."

25. In 2014, without Plaintiffs' knowledge, consent or authorization, Defendant incorporated its business under the name "IT Savvy, LLC" and began operations as IT Savvy, LLC.

26. Defendant offers services and products in Florida that are identical to ITsavvy, which include sale of computer and related products and computer consultation services.

27. Defendant uses a name that is confusingly similar (in essence identical save for a space in the name and a comma) to Plaintiffs' well-known marks, including the nearly identical name "IT Savvy, LLC." Defendant promotes and markets this name in its promotional materials.

28. In or around November 2015, ITsavvy management first learned of Defendant's use of the "IT Savvy" name and mark. Plaintiffs promptly notified Defendant of Plaintiffs' prior

rights in the "ITsavvy" mark, and demanded on two separate occasions that Defendant cease and desist all infringing uses and planned infringing uses of the "ITsavvy" name and mark.

29. Defendant commenced and continued its infringement of Plaintiffs' valuable "ITsavvy" mark, despite actual or constructive notice of Plaintiffs' prior use and rights in those marks for similar or identical services, in order to capitalize and benefit from the reputation and goodwill already built up by Plaintiffs in the "ITsavvy" mark.

30. By reason of Defendant's acts alleged herein, Plaintiffs have suffered and will continue to suffer damage to their business, reputation, and goodwill, as well as the loss of sales and profits Plaintiffs would have made, but for Defendant's infringing acts.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114(1))**

31. Plaintiffs incorporate by reference paragraphs 1 through 30 of the Complaint, as if fully set forth herein.

32. Defendant was aware of Plaintiffs' business and their "ITsavvy" mark prior to Defendant's adoption and use of the "IT Savvy" name and mark in connection with Defendant's advertising, marketing, offering, and performing of its services and products under that mark.

33. Furthermore, Defendant continued to use the "IT Savvy" name and mark in connection with the advertising, marketing, offering, and performing of its services and products after receiving notice from Plaintiffs of Plaintiffs' prior rights and registrations in the "ITsavvy" mark.

34. Defendant has commenced operations under the "IT Savvy" name and mark in interstate commerce, and has performed or has caused to be performed such services and products in interstate commerce under the nearly identical Plaintiffs' name and mark.

35. The services and products offered by Defendant under the "IT Savvy" name and mark are moving and will continue to move through the same channels of trade, and are being advertised and will continue to be advertised through the same channels of advertising, and to the same consumers as the services and products advertised, marketed, offered, and performed by Plaintiffs under the "ITsavvy" mark.

36. Plaintiffs have not authorized, licensed, or otherwise consented to Defendant's use of the "ITsavvy" name and mark.

37. Defendant's unauthorized use of the "IT Savvy" name and mark falsely indicates to consumers that Defendant's services and products advertised, marketed, offered, and performed under that name and mark are affiliated or connected with, sponsored by, or related to Plaintiffs' services and products.

38. Defendant's unauthorized use of the "IT Savvy" name and mark also causes and/or will cause consumers to be confused about the source, nature, and quality of the services and products advertised, marketed, offered, and performed by Defendant under that name and mark.

39. Defendant's unauthorized use of the "IT Savvy" name and mark in connection with offering of its competitive services and products allows and will continue to allow Defendant to receive the benefit of the goodwill established by Plaintiffs at great effort, labor, and expense, and to gain acceptance of Defendant's services and products based not on the merits of those services, but on the reputation and goodwill of Plaintiffs.

40. Defendant's unauthorized use of the "IT Savvy" name and mark in connection with offering of competitive services and products deprives Plaintiffs of their ability to control consumer perception of the quality of services and products advertised, marketed, offered, and

performed under the "ITsavvy" mark, and places the valuable reputation and goodwill of Plaintiffs into the hands of Defendant, over whom Plaintiffs exercise no control.

41. The foregoing acts of Defendant are likely to cause confusion or mistake, or to deceive consumers wishing to purchase the services and products of Plaintiffs.

42. Defendant's wrongful use of the "IT Savvy" name and mark has caused actual confusion of customers as to sponsorship or authorization by Plaintiffs.

43. Defendant's conduct as set forth above constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

44. Defendant has used the "IT Savvy" name and mark despite having actual and constructive notice of Plaintiffs' federal registrations and common law rights, and has refused to discontinue such infringing use despite receiving demands from Plaintiffs that it do so. Consequently, this is an exceptional case under 15 U.S.C. § 1117(a), warranting an award of up to treble damages and Plaintiffs' attorneys' fees in this matter.

45. Plaintiffs have been and will continue to be irreparably harmed and damaged by Defendant's trademark infringement insofar as the public has been and is continuing to be deceived as to the connection, affiliation, or relationship between services and products advertised, marketed, offered, and performed by Defendant under the "IT Savvy" name and mark.

46. Defendant's infringing conduct has damaged Plaintiffs and, unless Defendant is enjoined by this Court, will further impair the value of Plaintiffs' name, mark, reputation, and goodwill. This harm constitutes injury for which Plaintiffs have no adequate remedy at law.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a))**

47. Plaintiffs incorporate by reference paragraphs 1 through 46 of the Complaint, as if fully set forth herein.

48. Defendant's unauthorized use of the "IT Savvy" name and mark in connection with its advertising, marketing, offering, and performing of competitive services and products falsely suggests an affiliation or connection with, sponsorship by, or relation to Plaintiffs.

49. Defendant's wrongful use of the "IT Savvy" name and mark is likely to cause and has caused actual confusion by Plaintiffs' customers as to sponsorship or authorization by Plaintiffs.

50. Defendant's conduct as set forth above constitutes a false designation of the origin of its services and products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51. The intentional and willful nature of Defendant's acts complained of makes this an exceptional case under 15 U.S.C. § 1117(a), warranting an award of up to treble damages and Plaintiffs' attorneys' fees in this matter.

52. Plaintiffs have been, are, and will continue to be irreparably harmed and damaged by Defendant's false designation of the origin of its services and products, insofar as the public in general and consumers in particular have been, are being, and will continue to be induced to believe that Defendant's competitive services and products advertised, marketed, offered, and performed under the "IT Savvy" name and mark are affiliated or connected with, sponsored by, or related to Plaintiffs.

53. Thus, Defendant's conduct as set forth above has damaged Plaintiffs, and, unless Defendant is enjoined by this Court, will continue to impair the value of Plaintiffs' name, marks,

reputation, and goodwill. This harm constitutes injury for which Plaintiffs have no adequate remedy at law.

**COUNT III**
**VIOLATION OF FEDERAL ANTI-DILUTION STATUTE**
**(15 U.S.C. § 1125(c)(1))**

54. Plaintiffs incorporate by reference paragraphs 1 through 53 of the Complaint, as if fully set forth herein.

55. The "ITsavvy" name and mark is distinctive and famous under Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c).

56. Defendant, through its acts in this judicial district, has made unauthorized, commercial use in interstate commerce of the Plaintiffs' name and mark after the "ITsavvy" mark became famous.

57. Defendant's use of the "IT Savvy" name and mark has caused dilution of the distinctive quality of the "ITsavvy" mark by lessening the capacity of the mark to identify and distinguish services in violation of Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c).

58. Defendant's conduct constitutes trademark dilution in violation of 15 U.S.C. § 1125(c).

59. Defendant has willfully intended to disparage and trade on the goodwill associated with Plaintiffs and the famous "ITsavvy" mark. In addition, Defendant has used the "IT Savvy" name and mark despite being placed on actual and constructive notice of Plaintiffs' rights to the "ITsavvy" mark, and Defendant has refused to discontinue such use despite receiving demands from Plaintiffs that it do so. Consequently, this is an exceptional case for purposes of 15 U.S.C. § 1117(a) and 15 U.S.C. § 1125(c)(2), warranting an award to Plaintiffs of their attorneys' fees in this matter.

60. Defendant's use of the "IT Savvy" name and mark is greatly and irreparably damaging to Plaintiffs, and will continue to irreparably damage Plaintiffs unless restrained by this Court, and Plaintiffs are without adequate remedy at law.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

61. Plaintiffs incorporates by reference paragraphs 1 through 60 of the Complaint, as if fully set forth herein.

62. Defendant's conduct constitutes deception, by means of which its services and products advertised, marketed, offered, and performed under the "IT Savvy" name and mark have been palmed off as being legitimately affiliated or connected with or otherwise sponsored or authorized by Plaintiffs. As a result, the public has been deceived, and Defendant has received income and profits that, but for this deception, it would not have received. Such conduct constitutes unfair competition and trademark infringement under the common law of the State of Florida.

63. Plaintiffs have extensively used their "ITsavvy" mark in connection with their computer and computer related products and services, including without limitation, computer consultation services. By reason of Plaintiffs' consistent and extensive use, the "ITsavvy" mark has become uniquely associated with Plaintiffs, and identify Plaintiffs as the source of services and products bearing the "ITsavvy" mark.

64. Defendant's use of the "IT Savvy" name and mark has caused, or is likely to cause, confusion or misunderstanding, or to deceive customers, consumers, and the general public, as to the origin sponsorship, or other association between Plaintiffs and Defendant's services and products promoted, and sold under the "IT Savvy" name and mark.

65. By reason of the foregoing, Defendant has willfully infringed and is continuing to willfully infringe on Plaintiffs' common law rights in the "ITsavvy" mark. Defendant's unlawful conduct is greatly and irreparably damaging to Plaintiffs, and will continue to irreparably damage Plaintiffs, unless Defendant is restrained by this Court. Plaintiffs are without adequate remedy at law.

**COUNT V**
**DECEPTIVE AND UNFAIR TRADE PRACTICES**
**(F.S.A. §501.204)**

66. Plaintiffs incorporate by reference paragraphs 1 through 65 of the Complaint, as if fully set forth herein.

67. The "ITsavvy" mark is distinctive and famous within the industry, and as a result of Plaintiffs' long-standing and extensive use of those marks in connection with their business, these marks have become well known as being associated with Plaintiffs, and have acquired distinctiveness and secondary meaning signifying Plaintiffs.

68. Defendant's unauthorized use of the "IT Savvy" name and mark in connection with its advertising, marketing, offering, and performing of its services and products falsely suggests an affiliation or connection with, sponsorship by, or relation to Plaintiffs, and is likely to confuse, mislead, or deceive the public as to the source, sponsorship, approval, or certification of the services and products advertised, marketed, offered, or performed under the "IT Savvy" name and mark, or as to the affiliation, connection, or association with Plaintiffs and those services and products.

69. Defendant's wrongful use of the "IT Savvy" name and mark has caused actual confusion as to sponsorship or authorization by Plaintiffs.

70. Defendant's conduct as set forth above constitutes deceptive and unfair trade practices in violation of F.S.A. §501.204.

71. Defendant has intentionally and willfully used the "IT Savvy" name and mark, despite having actual and constructive notice of Plaintiffs' rights, and despite the likelihood that the public will be confused, misled, or deceived as to the source, sponsorship, approval, or certification of the services and products advertised, marketed, offered, and performed under the "IT Savvy" name and mark, or as to the affiliation, connection, or association with or between Plaintiffs and those services and products. Plaintiffs are entitled to an award of Plaintiffs' attorneys' fees in this matter pursuant to F.S.A. §501.211.

72. Plaintiffs have been, are, and will continue to be irreparably harmed and damaged by Defendant's deceptive, confusing, and misleading conduct regarding the origin of Plaintiffs' services and products, insofar as the public in general and consumers in particular have been, are being, and will continue to be induced to believe that Defendant's services and products advertised, marketed, offered, or performed under the "IT Savvy" name and mark are affiliated or connected with, sponsored by, or related to Plaintiffs.

73. Therefore, Defendant's conduct as set forth above has damaged Plaintiffs, and, unless Defendant is enjoined by this Court, will continue to impair the value of Plaintiffs' name, mark, reputation, and goodwill. This harm constitutes injury for which Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, ITsavvy LLC and B2B Industries LLC pray that judgment be entered in their favor against Defendant, IT Savvy, LLC as follows:

A. Preliminarily and permanently enjoining and restraining Defendant, its officers, directors, members, managers, executives, employees, agents, subsidiaries, predecessors, successors, affiliated companies, and all other persons, firms, corporations, or other entities in active concert and participation with it from:

(i) advertising, marketing, promoting, offering, or performing any services and/or products using trademarks, tradenames, service marks, or domain names comprising in whole or in part the terms ITsavvy, IT Savvy, www.itsavvy.com, or any other term, mark, or name confusingly similar to the "ITsavvy" mark;

(ii) filing or in any way prosecuting an application for federal or state trademark, tradename, service mark, or domain name registration for any mark or name comprising in whole or in part the terms ITsavvy, IT Savvy, www.itsavvy.com, or any other term, mark, or name confusingly similar to the "ITsavvy" mark;

(iii) acquiring, owning, or using any Internet domain name comprising in whole or in part the terms ITsavvy, IT Savvy, www.itsavvy.com, or any other term, mark, or name confusingly similar to the "ITsavvy" mark;

(iv) doing any other act or thing that is likely to induce the belief that Defendant's services and/or products are in any way affiliated or connected with, sponsored by, or related to Plaintiffs or, vice versa, that Plaintiffs' services and/or products are in any way affiliated or connected with, sponsored by, or related to Defendant, or that is likely to diminish or tarnish the distinctiveness of the "ITsavvy" mark;

(v) doing any other act or thing that is likely to induce the belief that Defendant's advertising, marketing, offering, and/or performing of services and/or products is infringing the rights of Plaintiffs under the "ITsavvy" mark.

B. Requiring Defendant to cancel all existing federal or state trademark, trade name, service mark, or domain name registrations or pending applications for such registrations for ITsavvy, IT Savvy, www.itsavvy.com, or any other mark or name comprising in whole or in part

the terms ITsavvy, IT Savvy, www.itsavvy.com, or any other term, mark, or name confusingly similar to the "ITsavvy" mark, including without limitation canceling or amending registration of the name "IT Savvy LLC" with the Florida Secretary of State;

C. Requiring Defendant to immediately cancel or amend its registration of the name "IT Savvy, LLC" with the Florida Secretary of State to a name that does not include "IT Savvy" or any other name confusingly similar to "ITsavvy;"

D. Requiring Defendant, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Plaintiffs within thirty (30) days after service of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction; ceased all services and products under the "IT Savvy" name and mark, including without limitation, canceling or amending registration of the name "IT Savvy, LLC" with the Florida Secretary of State; and implemented adequate and effective means to discontinue advertising, marketing, promoting, offering, and performing of services and products under the "IT Savvy" name and mark;

E. Requiring Defendant, pursuant to 15 U.S.C. § 1118, to deliver for destruction, or show proof of said destruction or sufficient modification to eliminate the infringing matter, all articles, packaging, wrappers, products, advertisements, displays, labels, signs, circulars, promotional items, literature, Internet websites, sales aids, letterhead, business cards, clothing and other matter in Defendant's actual or constructive possession, custody, or control bearing the "IT Savvy" name or mark, or any other name or mark confusingly similar to the "ITsavvy" mark;

F. Requiring Defendant to:

(i) account for and pay to Plaintiffs all profits derived by Defendant from the acts complained of herein;

(ii) reimburse Plaintiffs for all damages suffered by Plaintiffs by reason of Defendant's acts complained of herein; and

(iii) remit to Plaintiffs treble damages pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

G. Requiring Defendant to reimburse Plaintiffs for the cost of this action, including Plaintiffs' reasonable attorneys' fees and disbursements pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a) and F.S.A. §501.211;

H. Requiring that Defendant remit to Plaintiffs prejudgment interest on any and all damages awarded to Plaintiffs; and

I. Requiring that Plaintiffs be awarded such other relief as this Court deems just and reasonable.

**JURY DEMAND**

Plaintiffs hereby demand trial by jury of all issues triable by right to a jury.

Respectfully submitted,

DUANE MORRIS LLP

By: ______________________

Lida Rodriguez-Taseff
Florida Bar No. 039111
LRTaseff@duanemorris.com
200 S. Biscayne Blvd., Suite 3400
Miami, Florida 33131
(305) 960-2242
(305) 960-2201 (fax)
Secondary E-mails:
YArnavat-Parga@duanemorris.com
DPerez@duanemorris.com

*OF COUNSEL:*
PICCIONE, KEELEY & ASSOCIATES, LTD.
Patrick C. Keeley
Illinois Bar No. 3124539
pkeeley@pkalaw.com
*pro hac vice forthcoming*
122C South County Farm Road
Wheaton IL 60187-4594
(630) 653-8000
(630) 653-8029 (fax)
Secondary E-mail:
ledland@pkalaw.com

*Attorneys for Plaintiffs, ITsavvy LLC and B2B Industries LLC*